FILED '05 MAY 20 15:57 USDC-ORP

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

v.

J. KENNETH STRINGER, III, et al.,

        Defendants.

CR 03-432-HA

OPINION
AND ORDER

---

Karin J. Immergut
United States Attorney
Allan M. Garten
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204
    Attorneys for Plaintiff

Janet Lee Hoffman
Carrie Menikoff
Brandon Williams
1000 S.W. Broadway, Suite 1500
Portland, Oregon 97205
    Attorneys for Defendant J. Kenneth Stringer, III

1 OPINION AND ORDER

John S. Ransom
Craig J. Gabriel
Ransom Blackman LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204
    Attorneys for Defendant William N. Martin

Ronald H. Hoevet
Hoevet, Boise & Olson, PC
1000 S.W. Broadway, Suite 1500
Portland, Oregon 97205
    Attorney for J. Mark Samper

HAGGERTY, Chief Judge:

On May 10, 2005, the court heard oral argument on defendants' various procedural motions challenging the Third Superseding Indictment (hereinafter referred to as the Indictment). The court issued an Opinion and Order dated May 11, 2005, wherein the court ruled on most of the motions. However, the court reserved ruling on defendants Martin's and Stringer's Motions to Dismiss Counts 24-47 (Docs. #158, 174) and Motions to Dismiss for Multiplicity (Docs. #162, 176) so that the parties could submit additional briefing. The court has carefully reviewed the parties' supplemental briefing, and, for the following reasons, denies the aforementioned motions.

## DISCUSSION

### The Indictment

The Introduction of the Indictment sets forth defendants' alleged criminal intent to conceal their fraudulent activity from the SEC, FLIR's shareholders, and the public. It identifies the relevant persons and entities, how defendants were compensated by FLIR, FLIR's financial statements and earnings reports, the applicable revenue recognition rules, and defendants' scheme to defraud, which the government alleges occurred between January 1998 and April 2000. It explains the six allegedly fraudulent revenue recognition devices that defendants used to inflate FLIR's quarterly sales: (1)

recording revenue on false sales; (2) recording revenue on products shipped to a customer that were different than the products ordered by the customer; (3) recording revenue on contracts that were subject to "side letters" with customers providing rights of returns; (4) recording revenue on "sales" that were, in fact, rental agreements between FLIR and the customer and in which title to the product did not transfer to the customer; (5) recording revenue on sales with unmet consignments; and (6) recording revenue for improper bill and hold transactions.

The Introduction goes on to explain how Samper and Stringer allegedly inflated earnings through fraudulent accounting devices: (1) by understating millions of dollars in expenses; (2) by overstating revenues; and (3) by overstating income and understating expenses in the company accounts.

Count 1 of the Indictment charges defendants with conspiracy and incorporates by reference the allegations in the Introduction. It alleges the manner and means of the conspiracy, such as the use of fraudulent revenue recognition and accounting devices and material misstatements, and provides further allegations regarding false books, records, and accounts that defendants allegedly used to further their scheme. It describes each defendant's alleged role in the scheme and describes the relevant facts leading to the discovery of the scheme, including the auditors' determinations that the allegedly fraudulently inflated revenues and understated expenses required FLIR to restate its financial statements. The remaining counts incorporate the relevant facts set forth in the Introduction and Count 1.

//
//
//

### Martin's and Stringer's Motions to Dismiss Counts 24-47 (Docs. #158, #174

In their motion, defendants Martin and Stringer asserted that Counts 24 through 47 should be dismissed because they fail to allege materiality of the fraud. *See United States v. Omer*, 395 F.3d 1087, 1089 (9th Cir. 2005) (materiality of falsehood is an element of fraud) (citations omitted). However, in their reply brief and at oral argument, defendants changed their argument slightly to assert that Federal Rule of Criminal Procedure 7(c)(1) does not permit the introduction of an indictment to be incorporated into a count. As a result, they argue, the Introduction cannot save Counts 24 through 47. The government responded that Rule 7(c)(1) does not prohibit a background section and argued that its incorporation to subsequent counts need not be stricken when it is relevant to the counts charged.

Counts 24 through 36, the mail fraud charges, allege that between January 1998 and April 2000, defendants devised a scheme to defraud and obtain money and property by way of false representations. Counts 37 through 41 allege wire fraud. Counts 42 through 46 charge Stringer and Samper with wire fraud. Count 47 charges all defendants with wire fraud. The elements of mail and wire fraud are: (1) proof of a scheme to defraud and (2) the use or causing the use of the mail or wires to further the fraudulent scheme. *United States v. Manion*, 339 F.3d 1153, 1156 (9th Cir. 2003) (citations omitted). The government must also show that the defendant willfully participated in the scheme with knowledge of its fraudulent nature. *Id.* "[T]he charged mailing or wire transmission need not be an essential element of the scheme, just a step in the plot." *United States v. Shipsey*, 363 F.3d 962, 971 (9th Cir. 2004) (internal quotations and citations omitted).

The Introduction asserts that defendants performed their fraudulent scheme "by making materially false and misleading statements" to the SEC, thereby causing "FLIR's financial results to

4 OPINION AND ORDER

be materially misstated" for several quarters. *See* Indictment, ¶¶ 33, 34. Counts 24 through 47 each begin with a reallegation of every allegation contained in the Introduction, including the manner and means of the conspiracy. Counts 24 through 36, assert that defendants knowingly and intentionally devised "a scheme and artifice to defraud FLIR, its Board of Directors, its shareholders, its auditors, the SEC, and the investing public . . . by means of false and fraudulent pretenses, representations and promises . . . for the purpose of executing the aforementioned scheme . . . ." *Id.* at pp. 68-69. Counts 37 through 47 allege several wire fraud counts that are also based on the aforementioned scheme to defraud.

Whether an indictment is sufficient depends on whether it adequately informs the defendant of the offense charged when construed as a whole and in accordance with common sense. *Echavarria-Olarte v. Reno*, 35 F.3d 395, 397-98 (9th Cir. 1994) (citations omitted). To this end, courts have allowed a factual background section, or an introduction, of an indictment to be incorporated into subsequent counts. *See United States v. Milstein*, 401 F.3d 53 (2d Cir. 2005) (court allowed an indictment that incorporated an introductory section into the separate counts); *United States v. Vanderpool*, 528 F.2d 1205, 1206-07 (4th Cir. 1975) (if an introduction more fully apprises the defendant of the charges against him or her, it is properly incorporated in the charged offenses); *United States v. Sattar*, 314 F. Supp. 2d 279, 320 (S.D.N.Y. 2004).

Although Rule 7(c)(1) does not specifically permit an introduction to be incorporated into subsequent counts, the Rule does not prohibit it, and, in fact, its incorporation in this case better informs the defendants of the charges levied against them. The challenged counts sufficiently allege materiality of the fraudulent scheme for which defendants are charged. Each mail and wire fraud count specifically incorporates the Introduction and the manner and means of the conspiracy, which

includes a scheme and artifice to defraud and repeated references to the materiality of the fraudulent misstatements. The court has already ruled that the language contained in the Introduction and elsewhere is not irrelevant, inflammatory, or prejudicial. Thus, all the information contained in the Introduction, and its inclusion by reference in the subsequent counts, serves to better inform the defendants. Defendants' motions are denied.

### Martin's and Stringer's Motions to Dismiss Counts for Multiplicity (Docs. #162, #176)

An indictment is multiplicitous if it charges a single offense in different counts. The primary danger raised by multiplicitous indictments is the possibility that the defendant will receive more than one sentence for a single offense. *United States v. Matthews*, 240 F.3d 806, 818 (9th Cir. 2000) (citations omitted). Where there are two violations of the same statute, the issue of multiplicity is resolved by looking to what the legislature intended as the unit of prosecution under the statute. *See Sanabria v. United States*, 437 U.S. 54, 70 n.24 (1978). Conversely, where there are two statutes that proscribe the same conduct, double jeopardy is implicated and the test for multiplicity becomes whether each count requires proof of an additional fact that the other does not. *Id.*; *see also Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Defendants argue that various counts in the Indictment are multiplicitous and should be dismissed, or, alternatively, that the government should be compelled to elect between the multiplicitous counts. At oral argument, defendants expounded upon their argument and asserted that Counts 3 through 8 fail to assert each element of the charged offense. They contend that unless the Introduction is properly included in the Indictment, the counts by themselves fail to provide defendants adequate notice of the charges against them. Because the court finds that the Introduction is appropriately included in the subsequent counts, defendants' alternative argument concerning

Counts 3 through 8 is denied as moot. The court proceeds to analyze the remainder of defendants' motions.

Count 2 charges defendants with fraud in connection with the purchase and sale of securities in violation of 15 U.S.C. §§ 78j(b) 78ff, 17 C.F.R.§§ 240.12b-20, 240.13a-13, 240.13a-1, and 240.13b2-2. It alleges generally that defendants knowingly and intentionally employed a fraudulent scheme, made untrue statements of material facts, and omitted material facts. This is the only count alleging a violation of § 78j(b) and Rule 10b-5. Accordingly, in determining whether the subsequent counts are multiplicitous, the court employs the *Blockburger* test to ascertain whether each subsequent count requires proof of an additional fact that the other does not.

Counts 3 through 8 allege a series of very specific false filings that defendants made with the SEC, also in violation of 15 U.S.C. §§ 78j(b) and 78ff. However, these counts reflect the filing requirements that are penalized under Section 78ff, which criminalizes the willful making of a material false statement in any filing submitted to the SEC. Such false filings are not encompassed within a § 78j(b) and Rule 10b-5 charge. Accordingly, Count 2 requires proof of fraud in connection with the purchase and sale of a security, a fact not required to be proven in Counts 3 through 8. *See United States v. Tarallo*, 380 F.3d 1174, 1186 (9th Cir. 2004). In addition, Counts 3 through 8 require a materially false filing from an officer or director of an issuer of security, a fact that is not required to be proven in Count 2. As such, the counts are not multiplicitous.

Counts 9 through 13 assert that certain filings submitted by defendants to the SEC are false statements in violation of 18 U.S.C § 1001(a)(3), which prohibits the making of false statements to a government agency. It also requires proof of "agency jurisdiction." *See United States v. Boone*, 951 F.2d 1526, 1544 (9th Cir. 1991). That is, the government must prove that the allegedly false

statement related to a matter over which a federal agency had the power to act. *Id.* Conversely, § 78j and Rule 10b-5 are general securities fraud statutes that were created to penalize deceptive schemes against the public; there is no requirement that any such scheme fall under "agency jurisdiction." Accordingly, each offense requires proof of an additional fact that the other does not.

Count 14 charges defendants with falsifying books, records, and accounts in violation of 15 U.S.C. § 78m(b)(6) and 17 C.F.R. § 240.13b2-1. This, of course, requires proof that books and records were falsified. This fact is an additional element that is not required to prove a violation of § 78j and Rule 10b-5. Counts 16 through 22 charge defendants with making false statements to accountants of a publicly-traded company in violation of 15 U.S.C. §§ 78m, 78m(b)(2), 77ff. Such violations require proof that material misstatements were made to accountants of a publicly traded company, an element that is not required by § 78j(b) or Rule 10b-5. Count 23 charges defendants with making a false registration statement. This requires proof of a false registration and, in addition, proof that the defendant engaged in a fraudulent scheme during the offer or sale of a security. 15 U.S.C. § 77q. These are not required under § 78j(b) or Rule 10b-5.

Counts 24 through 36 allege mail fraud. Mail fraud requires proof that the defendant knowingly and intentionally used or caused the use of mails in interstate commerce. 18 U.S.C. § 1341. This is not required to be proven to establish a violation of § 78j, Rule 10b-5, or any other count.

Accordingly, Count 2 and each subsequent count require proof of an additional fact that the other does not. Under *Blockburger*, the counts are not multiplicitous.

Defendants also argue that the government should be compelled to make an election between Counts 3 and 9, 4 and 10, 6 and 11, 7 and 12, and 8 and 13, respectively. As explained above, Counts

3 through 8 require proof of a knowingly false filing with the SEC, submitted by a director or officer of an issuer of securities with knowledge of the relevant securities rules and regulations. Conversely, Counts 9 through 13 do not require such facts. They do, however, require proof of agency jurisdiction, a fact that is not required in Counts 3 through 8. Accordingly, each count stands.

Defendants also argue that the Indictment charges more than the allowable unit of prosecution. As noted earlier, when there are two alleged violations of the same statute, the test for multiplicity is what the legislature intended to be the allowable unit of prosecution. *Sanabria*, 437 U.S. at 70 n.24. Counts 3 through 8 charge violations of § 78ff, which treats each filing as a discrete event that can be charged separately. Counts 9 through 13 charge violations of 18 U.S.C § 1001, which permits discrete misstatements to be charged separately. Counts 14 through 23 do not allege multiple violations of a single statute. Counts 16 through 22 allege distinct misstatements to accountants of a publicly traded company in violation of 17 C.F.R. § 240.13b2-2, which prohibits the making of "a materially false or misleading statement to an accountant . . . ." When "a" is used to delineate the parameters of an offense, it operates to punish each instance of the conduct. *United States v. Vargas-Castillo*, 329 F.3d 715, 721-22 (9th Cir. 2003). Thus, each false statement made to an accountant is a separate offense.

Counts 48 through 50 allege bank fraud in violation of 18 U.S.C. § 1344. The allowable unit of prosecution for bank fraud is "each execution or attempted execution of the scheme to defraud." *United States v. Molinaro*, 11 F.3d 853, 860 (9th Cir. 1993). Count 48 alleges that, on behalf of FLIR, defendants entered into a $35 million dollar credit agreement on September 1, 1998, with Bank of America. Count 49 alleges that, on behalf of FLIR, defendants entered into a $70 million dollar credit agreement on March 29, 1999, with Bank of America. Count 50 alleges that, on behalf of

FLIR, defendants entered into a $100 million dollar credit agreement on December 19, 1999, with Bank of America. Each of these credit agreements are substantively independent because no charge depends on the other for its existence; each charge occurred in a different financial quarter and relates to the inflation of different financial statements and SEC filings. Accordingly, each bank fraud count comprises a separate and distinct execution of the overall scheme. Defendants' motions are denied.

## CONCLUSION

Defendants' motions (Docs. #158, 174, 162, 176) are DENIED.

IT IS SO ORDERED.

Dated this 20 day of May, 2005.

Ancer L. Haggerty
United States District Judge